

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: | § | No. 08-23-00228-CR |
| | § | |
| RODRIGO ALEJANDRO ALMANZA-MANRIQUEZ, | § | Appeal from the |
| | § | the County Court |
| Appellant. | § | of Kinney County, Texas |
| | § | (TC# 12265CR) |
| | § | |

## MEMORANDUM OPINION ON REHEARING[1]

In March 2021, Governor Greg Abbott directed the Texas Department of Public Safety (DPS) in collaboration with the Texas National Guard to initiate Operation Lone Star (OLS) to address the influx of illegal border crossings from Mexico to Texas. *Ex parte Aparicio*, No. PD-0461-23, 2024 WL 4446878, at *1 (Tex. Crim. App. Oct. 9, 2024) (cert. filed). Among other things, "OLS authorized the detention and arrest of individuals crossing the border illegally for state level offenses committed on or near the border." *Id*.

Pursuant to the State's OLS policy, Appellant Rodrigo Alejandro Almanza-Manriquez (Almanza-Manriquez), a noncitizen, was arrested and charged with the State misdemeanor offense

---

[1] We grant the State's motion for rehearing, withdraw our opinion and judgment of August 16, 2024, and substitute this opinion on rehearing and the corresponding judgment in their place.

of criminal trespass in Kinney County near the U.S.-Mexico border. Contending that under OLS policy, the State only arrested men who were caught trespassing at the border, Almanza-Manriquez filed an application for a pretrial writ of habeas corpus in district court in Kinney County. Almanza-Manriquez argued he was the subject of selective prosecution in violation of state and federal constitutional equal protection principles. Without holding a hearing, the trial court denied his application, and Almanza-Manriquez filed an appeal with the Fourth Court of Appeals. The appeal was transferred to this Court pursuant to a Texas Supreme Court docket equalization order.

## I. OUR ORIGINAL OPINION

In accordance with Texas Rule of Appellate Procedure 41.3, we originally resolved Almanza-Manriquez's appeal by applying the Fourth Court of Appeals' precedent as set forth in *Ex Parte Aparicio* and its progeny. *See* Tex. R. App. P. 41.3;[2] *Ex parte Almanza-Manriquez*, No. 08-23-00228-CR, 2024 WL 3848554, at *1 (Tex. App.—El Paso Aug. 16, 2024, no pet.) (mem. op., not designated for publication) (citing *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023) *rev'd*, No. PD-0461-23, 2024 WL 4446878 (Tex. Crim. App. Oct. 9, 2024)). In *Aparicio*, the Fourth Court of Appeals faced a similar selective prosecution argument in an application for a pretrial writ of habeas corpus brought by Luis Aparicio, a noncitizen who was arrested for trespassing on private property in Maverick County pursuant to the State's OLS policy. *Ex parte Aparicio*, 672 S.W.3d at 701. The trial court held a full evidentiary hearing on Aparicio's application and ultimately denied the application. *Id*. at 701. The Fourth Court of Appeals reversed, concluding that Aparicio was entitled to habeas relief. *Id*.

---

[2] Rule 41.3 provides: "In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent." Tex. R. App. P. 41.3.

In reversing, the court first held that Aparicio's claim of selective prosecution was cognizable in a pretrial habeas setting. *Id*. at 713. It then found that Aparicio presented sufficient evidence to establish that the State had only arrested men at the border for criminal trespass under OLS. *Id*. In turn, it found that Aparicio met his burden of establishing a prima facie case that the State's OLS policy had a discriminatory effect, and further, that it was motivated by a discriminatory purpose. *Id.* at 713, 715–16. In a subsequent case, the Fourth Court of Appeals held that the State was unable to justify its discriminatory OLS policy, despite the State's argument that the policy was necessary in light of the governor's proclamation "declaring an emergency regarding border security" and "testimony that the counties implementing OLS do not have sufficient facilities to hold women detainees." *State v. Gomez*, 692 S.W.3d 710, 719 (Tex. App.—San Antonio 2023) *judgment vacated sub nom. Ex parte Rodriguez-Rodas*, No. PD-0073-24, 2024 WL 5074593 (Tex. Crim. App. Dec. 11, 2024)*.

Because Amanza-Manriquez's claim of selective prosecution was based on the same OLS policy that the Fourth Court of Appeals found had both a discriminatory effect and purpose—and was not constitutionally justifiable—we concluded that Almanza-Manriquez was entitled to habeas relief based on his claim of selective prosecution. *Ex parte Almanza-Manriquez,* 2024 WL 3848554, at *6–7. We therefore reversed the trial court's order denying his habeas application. *Id*. at *7.

## II.  LEGAL DEVELOPMENTS FOLLOWING OUR OPINION

In October 2024, the Court of Criminal Appeals reversed the Fourth Court of Appeals' holding in *Aparicio*. *See Ex parte Aparicio*, 2024 WL 4446878, at *14. In its opinion, the court first agreed with the Fourth Court of Appeals' conclusion that Aparicio's claim of selective prosecution was cognizable in a pretrial habeas setting. *Id*. at *8. (finding "Appellant's claim, at least under these circumstances, to be cognizable for pretrial habeas purposes"). But it concluded that Aparicio had

3

not met his burden of establishing that he was subjected to selective prosecution. *Id.* at *12–14.

In reaching this conclusion, the court observed that to succeed on a claim of selective prosecution or selective enforcement, a claimant must prove with "exceptionally clear evidence" both that the State's prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose. *Id.* at 9. The court recognized that Aparicio arguably met the first prong of this test by presenting evidence that, in a five-county region,[3] the State had only arrested males (and non-elderly adult males in particular) for criminal trespass under its OLS policy during the applicable time period in which Aparicio was arrested. *Id*. at *2, *12. And although the court noted that the State arrested women for other offenses under its OLS policy, such as human smuggling, it assumed "for the sake of argument" that Aparicio had nevertheless satisfied his burden of showing that the OLS policy had a "discriminatory effect." *Id*. at *12.

However, the court concluded that Aparicio failed to present clear evidence establishing that the OLS policy of arresting only men for criminal trespass at the border was motivated by a discriminatory purpose. *Id.* at *12–14. To the contrary, the court held that Aparicio's own evidence supported a finding that the State's motivation was one of practical necessity, stemming from the fact that there was a massive influx of immigrants crossing over the border in the five-county region, the majority of which were male. *Id.* at *13. Noting the limited jail facilities in that region, the court determined that the OLS policy of arresting only men for trespass (and transporting them to a large male-only processing center constructed for the purpose of housing such OLS arrestees) was "more likely" motivated by the "limited resources" the State had to address the "ongoing emergency" at the border "rather than gender discrimination." *Id*. at *13.

Accordingly, the court concluded that Aparicio failed to meet his burden of "demonstrating

---

[3] The five counties included Webb, Jim Hogg, Maverick, Kinney, and Valverde.

a *prima facie* case that he [was] arrested and prosecuted *because* of his gender," and as such, he did not meet the "'demanding' standard required for judicial interference in the State's discretion in administering criminal justice policy and priorities (emphasis in original)." *Id*. at *14. The court therefore reversed the Fourth Court of Appeals and held that the trial court properly denied Aparicio's application for a writ of habeas corpus. *Id*.

## III. OUR REVISED RULING

Applying the Court of Criminal Appeals' opinion in *Aparicio*, we reach a similar conclusion with respect to Almanza-Manriquez's habeas application. Almanza-Manriquez was arrested for criminal trespass under the same OLS policy or "mindset" that was in effect in the same five-county region in which Aparicio was arrested and detained. And Almanza-Manriquez relied on virtually the same evidence that Aparicio did in attempting to establish that the OLS policy of only arresting males for criminal trespass in that region was motivated by gender discrimination.

We therefore conclude that, like Aparicio, Almanza-Manriquez has failed to establish a *prima facie* case that he was arrested because of his gender. *Id*. at *14. Accordingly, we conclude that the trial court properly denied his application for a pretrial writ of habeas corpus.

## IV. CONCLUSION

The trial court's judgment is affirmed.

LISA J. SOTO, Justice

December 30, 2024

Before Alley, CJ, Palafox and Soto, JJ.

(Do Not Publish)

5